IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cr-00188-WDM-BNB

United States of America,

    Plaintiff,
v.

16.  Bruno R. Tyree,

    Defendant.

## ORDER ON MOTION FOR REVOCATION OF RELEASE ORDER

Miller, J.

This matter is before me on the government's motion to revoke a release order pursuant to 18 U.S.C. § 3145(g)(1).  For the reasons that follow, the motion will be granted.

The issue before me is whether Defendant Bruno R. Tyree (Tyree) should be released on conditions or detained pending trial.  This determination is governed by the standard set forth in 18 § 3142(e), which provides for detention only upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  My review is *de novo*, *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003), and I have discretion to determine what procedures are most appropriate, *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  In this case, an evidentiary hearing was held on May 9, 2007, and I have reviewed submissions from counsel as well as a

transcript of the original proceedings before United States Magistrate Judge Karen Molzen.

If there is probable cause to believe that Tyree committed a controlled substance crime carrying a maximum term of imprisonment of ten years or more, § 3142(e) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community ." In this case, the indictment against Tyree suffices to give rise to this presumption, *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991), which essentially shifts the burden of production to the defendant, *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989). This burden is not heavy, *id.*, but even when met (i.e., when the presumption is "rebutted"), the presumption remains a factor weighing in favor of detention. *Stricklin*, 932 F.3d at 1355. At all times, however, the burden of persuasion remains with the government to prove flight risk by a preponderance of the evidence and danger to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616. In determining whether the government has met these burdens, I am guided by § 3142(g), which sets forth the following factors for consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the only evidence that Tyree presented on his own behalf was a pretrial services report completed on January 9, 2007. This report indicates that Tyree has lived in Truth or Consequences, New Mexico, for the past twenty years, and has rented the same residence for the last seven years, where he lives with and cares for his elderly mother. Minimal as it may be, I find this evidence sufficient to meet Tyree's burden of production and rebut the § 3142(e) presumption. Therefore, the presumption does not control my determination in this case, but as discussed above, it remains a factor weighing in favor of detention.

Turning then to the first of the § 3142(g) factors, I first find that the nature and circumstances of the charged offense suggest that Tyree should be detained. Tyree is charged along with 15 co-defendants with conspiracy to distribute, and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). In addition, Tyree is also charged with money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A), and a forfeiture count under 21 U.S.C. § 853(p). These are very serious offenses, clearly involving controlled substances. Moreover, although the indictment speaks only in terms of "5 kilograms or more . . . of cocaine," testimony at the May 9, 2007, hearing indicates that the conspiracy involved the sale of huge quantities of illegal drugs. Specifically, Michael Webster, a Special Agent with the Drug Enforcement Agency testified that the conspiracy resulted in about 50 to 100 kilograms of cocaine being

transported and sold in the Denver area each month, with proceeds of about $2,000,000 per month. Finally, Special Agent Webster also testified that the cocaine Tyree is accused of distributing has an extremely high level of purity, indicating very close connections with the source of the cocaine in Mexico. Therefore, the first § 3142(g) factor weighs heavily in favor of detention.

The weight of the evidence against Tyree also indicates that detention is appropriate. As presented at the May 9 hearing, it is uncontested that Tyree was stopped in January 2007 by the New Mexico State Patrol, and found to be driving a vehicle which contained about 25 kilograms of cocaine. In addition, at least hearsay evidence[1] from a confidential informant indicates that Tyree's involvement in the intercepted January shipment was not an isolated incident. Moreover, Tyree appears to have strong familial ties to the drug transportation operations alleged in the indictment. Special Agent Webster testified that Tyree's daughter, Veronica Tyree, was the head of the transportation operations out of El Paso, Texas, and Tyree's grandson, Bruno Tyler Tyree has been observed accompanying both Bruno R. Tyree and Veronica Tyree during drug transportation operations. Therefore, this factor also weighs in favor of detention.

The third factor — Tyree's history and characteristics — presents a mixed picture. Considerations weighing in Tyree's favor include the length of his residence in Truth or Consequences, New Mexico, and his responsibilities in caring for his elderly

---

[1] The rules of evidence do not apply to "proceedings with respect to release on bail or otherwise." Fed. R. Evid. 1101(d)(3).

mother. In addition, there is no evidence that Tyree has ever failed to appear at court proceedings in the past. Indeed, Tyree recently complied with the conditions of release in another case related to the January 2007 traffic stop.[2] On the other hand, the pretrial services report presented by Tyree at the May 9 hearing indicates alcohol abuse, and a criminal history that involves firearms. On balance, however, the third factor weighs in favor of release.

Finally, I must consider the nature and seriousness of the danger to any person or the community. The dangers associated with drug trafficking are well established, and in this case are compounded Tyree's prior weapons charges and his alcohol abuse. Therefore, this factor weighs in favor of detention.

On balance, after considering all of the § 3142(g) factors, as well as the presumption in favor of detention, I find that the government has failed to demonstrate danger to the community by clear and convincing evidence. However, particularly given extensive connections to Mexico and Tyree's proximity to Mexico, I find that the government has met its burden of proving by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required." § 3142(e). Therefore, detention is appropriate.

Accordingly, it is ordered:

1. Plaintiff's motion for stay and revocation of magistrate's release order, filed May 1, 2007 (Docket No. 45), is granted to the extent it seeks revocation of Magistrate Judge Karen Molzen's release order.

---

[2] This case was dismissed by the government on January 22, 2007.

2. Defendant shall be detained pending trial.

3. Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

5. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the correction facility in which the defendant is confined shall deliver him to the United States Marshal for appearances in connection with court proceedings.

DATED at Denver, Colorado, on May 22, 2007.

                    BY THE COURT:

                    s/ Walker D. Miller
                    United States District Judge